```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                          Case No. 17-01703-JJT
Lisa Jo Smith                                                   Chapter 13
        Debtor
                           CERTIFICATE OF NOTICE
District/off: 0314-5           User: MMchugh              Page 1 of 1              Date Rcvd: Jun 21, 2017
                               Form ID: pdf002            Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 23, 2017.
db             Lisa Jo Smith,    1224 Allegheny Drive,    Blakeslee, PA 18610-2005
4913311       +ARS ACCOUNT RESOLUTIONS,    1643 HARRISON PKWY,    SUITE 100,    FORT LAUDERDALE, FL 33323-2857
4913314       +CCS COLLECTION SERVICES,    4530 OLD CAVE SPRING ROAD SW,    ROANOKE, VA 24018-3423
4913315       +CREDIT ACCEPTANCE CORP,    25505 WEST TWELVE MILE RD,    SOUTHFIELD, MI 48034-8316
4913602       +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,    Southfield MI 48034-8331
4913317        FIRST PREMIER,    3820 N LOUISE AVENUE,    SIOUX FALLS, SD 57107-0145
4913318       +FIRST PREMIER BANK,    601 S MINNESOTA AVE,    SIOUX FALLS, SD 57104-4868
4913319       +HAMILTON LAW GROUP,    PO BOX 90301,    ALLENTOWN, PA 18109-0301
4913320       +LOIS M VITTI,    VITTI & VITTI & ASSOC PC,    215 FOURTH AVENUE,    PITTSBURGH, PA 15222-1707
4913321        PNC MORTGAGE,    PO BOX 1820,    DAYTON, OH 45401-1820
4913322       +RECEIVABLE MANAGEMENT SERVICES,    240 EMERY STREET,    BETHLEHEM, PA 18015-1980
4913323       +SIERRA VIEW ASSOCIATION,    PO BOX 349,    EFFORT, PA 18330-0349
4917132        Stuart D Field, DMD,    c/o Hamilton Law Group,    PO Box 90301,    Allentown PA 18109-0301
4913324       +US DEPT OF EDUCATION,    61 FORSYTH ST SW STE 19T40,    ATLANTA, GA 30303-8919
4913325        US DEPT OF EDUCATION,    PO B OX 5609,    GREENVILLE, TX 75403-5609
4913326       +YOUR CAUSE AUTO,    2700 WILLIAM PENN HIGHWAY,    EASTON, PA 18045-5225

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4913308        E-mail/Text: ebn@americollect.com Jun 21 2017 19:02:58     AMERICOLLECT INC,
                1851 S ALVERNO ROAD,    MANITOWOC, WI 54220
4913309       +E-mail/Text: bsimmons@amsher.com Jun 21 2017 19:03:05     AMSHER COLLECTION SERVICES,
                4524 SOUTHLAKE PARKWAY,    SUITE 15,    HOOVER, AL 35244-3271
4913313       +E-mail/Text: rbaldwin@autotrakk.com Jun 21 2017 19:03:14     AUTOTRAKK LLC,
                1500 SYCAMORE RD STE 200,    MONTOURSVILLE, PA 17754-9416
4913312        E-mail/Text: rbaldwin@autotrakk.com Jun 21 2017 19:03:14     AUTOTRAKK LLC,
                342 FAIRFIELD ROAD,    MONTOURSVILLE, PA 17754-8315
4913316       +E-mail/Text: bankruptcy_notifications@ccsusa.com Jun 21 2017 19:03:10
                CREDIT CONTROL SERVICES INC,    725 CANTON ST,    NORWOOD, MA 02062-2679
                                                                                              TOTAL: 5

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4913310       ##ARS ACCOUNT RESOLUTION,    1801 NW 66TH AVE STE 200C,    FORT LAUDERDALE, FL 33313-4571
                                                                                              TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 23, 2017                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 21, 2017 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              J. Zac Christman    on behalf of Debtor Lisa Jo Smith jchristman@newmanwilliams.com,
               mdaniels@newmanwilliams.com;epotito@newmanwilliams.com;vsmith@newmanwilliams.com
              James Warmbrodt    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              Vincent Rubino    on behalf of Debtor Lisa Jo Smith
               epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
               williams.com;eapotito@hotmail.com;vsmith@newmanwilliams.com
                                                                                             TOTAL: 5
```

JZC:bs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | CASE NO. 5:17-bk-01703 |
| LISA JO SMITH, | : | |
| aka LISA JO SHUMAN, | : | CHAPTER 13 PLAN |
| aka LISA JO SPERLING, | : | [ ] # MOTIONS TO AVOID LIENS |
| aka LISA SMITH, | : | |
| | : | [ ] # MOTIONS TO VALUE COLLATERAL |
| | : | |
| | : | [X] ORIGINAL PLAN |
| DEBTOR(S) | : | |
| | : | [ ] AMENDED PLAN |
| | : | (Indicate 1st, 2nd, 3rd, etc.) |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[X] The debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor(s) is/are not eligible for a discharge of debts because the debtor(s) has/have previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[X] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the Section 8 of this plan. *Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.*

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. Plan Payments

    1. To date, the Debtor(s) has paid $**0.00** *(enter $0 if no payments have been made to Trustee to date)*. Debtor(s) shall pay the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $**21,888.00**, plus other payments and property stated in Paragraph B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | **July 2017** | **06/2020** | **$608.00** | N/A | **$21,888.00** |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  | $21,888.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:    ( X )    Debtor(s) is at or under median income.

       (  )    Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. Liquidation of Assets

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $**50,000.00** from the sale of property known and designated as **personal injury**. All sales shall be completed by **February 28, 2022**. If the property does not sell by the date specified, then the disposition of the property shall be as follows: **revert to Debtor as entirely exempt**.

    2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

    3. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit payments in the following amounts will be paid by the Debtor(s) to the Trustee.  The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim of this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans.  If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor(s)</u>.  Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained.  All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| PNC Bank | 1st Mortgage secured by Debtor's residence. | $874.00 | $118,000.00 |
|  |  | $ | $ |

   C. <u>Arrears</u>.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank | 1st Mortgage secured by Debtor's residence. | $102,752.83 | $0.00 | Via Loan Modification |
|  |  | $ | $ | $ |

3

D. <u>Secured Claims Paid According to Modified Terms</u>.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSE TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

F. <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

4

Case 5:17-bk-01703-JJT    Doc 28    Filed 06/23/17    Entered 06/24/17 00:44:34    Desc
Imaged Certificate of Notice    Page 5 of 9

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) *(this section should not be used for statutory or consensual liens such as mortgages)*:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. *(Check if applicable)*
( ) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:
(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrerages.
(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.
(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

    A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

   B. Administrative Claims:
   (1) Trustee fees.     Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. Check one box:

5

Case 5:17-bk-01703-JJT   Doc 28   Filed 06/23/17   Entered 06/24/17 00:44:34   Desc
Imaged Certificate of Notice   Page 6 of 9

- ☒ In addition to the retainer of $**1,000.00** already paid by the Debtor, the amount of $**3,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2; or

- ☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | $ |

**4. UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ | % | $ |

B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment in Plan | Assume/Reject |
|---|---|---|---|---|---|---|
| **Your Case Auto** | **2004 Mitsubishi Galant** | **$250.00** | **0%** | **$0.00** | **$0.00** | **Assume** |
| | | $ | % | $ | $ | |

**6. REVESTING OF PROPERTY: (Check One)**

- [X] Property of the estate will vest in the debtor(s) upon confirmation. *(Not to be used with paragraph 2H)*.

- [ ] Property of the estate will vest in the debtor(s) upon closing of the case.

6

7. **STUDENT LOAN PROVISIONS**:

   A. <u>Student loan provisions</u>.    This plan does not seek to discharge student loan(s) except as follows:

   *(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)*

| Name of Creditor | Monthly Payments | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   Include the additional provisions below or on an attachment. *(NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)*

   **A. Debtor seeks to cure PNC Mortgage arrears via loan modification, which was denied on April 17, 2017, due to the lack of recording of a Quit-Claim Deed from Debtor's prior spouse to Debtor. Debtor expects the Quit-Claim Deed to be filed in May of 2017.**

9. **ORDER OF DISTRIBUTION**

   Payments from the plan will be made by the trustee in the following order:

| Level 1 | Adequate protection payments | $     -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 3,000.00 | |
| Level 3 | Domestic Support Obligations | $     -0- | |
| Level 4 | Priority claims, pro rata | $     -0- | |
| Level 5 | Secured claims, pro rata | $     -0- | |
| Level 6 | Specially classified unsecured claims | $     -0- | |
| Level 7 | General unsecured claims | $63,137.00 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $     -0- | |
| | Subtotal | | $66,137.00 |
| | Trustee Commission (estimated at 8%) | $ 5,751.00 | |
| | Total | | $71,888.00 |

   If the above Levels are not filled in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide

   Level 1:     Adequate protection payments.
   Level 2:     Debtor's attorney's fees.
   Level 3:     Domestic Support Obligations.
   Level 4:     Priority claims, pro rata.
   Level 5:     Secured claims, pro rata.
   Level 6:     Specially classified unsecured claims.
   Level 7:     General unsecured claims.
   Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor(s). Claims filed after the bar date that are not properly served on the trustee will not be paid. The responsibility for reviewing the claims and objecting where appropriate rests with the debtor(s).

Dated: 6/6/17          /s/ J. Zac Christman
                       Vincent Rubino, Esq., Attorney for Debtor(s)
                       J. Zac Christman, Esq.


                       /s/ Lisa Jo Smith
                       LISA JO SMITH

8